CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 11 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VALERIE GARNER, d/b/a ROANOKE FREE PRESS, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 7:14-CV-00461 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| JUSTIN HIGGINS, | ) ) | By: Hon. Glen E. Conrad Chief United States District Judge |
| Defendant. | ) | |

Plaintiff Valerie Garner alleges that Defendant Justin Higgins violated the Copyright Act, 17

U.S.C. § 101 et seq., when he published her photograph of a Virginia politician on his website without

her permission.   The case is presently before the court on Higgins' motion to dismiss or, in the

alternative, for summary judgment, based on the fair use doctrine.   For the following reasons, that

motion will be denied without prejudice.

**Factual and Procedural Background**

The following facts, taken from Garner's verified complaint, are accepted as true at this stage

in the proceedings.   See Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Katyle v. Penn Nat'l

Gaming, Inc., 637 F.3d 462, 466 (4th Cir. 2011).   Garner is the editor and publisher of the Roanoke

Free Press, a news website.   She is also the author of a 2008 photograph of Salam "Sam" Rasoul, a

Virginia politician, which she registered with the U.S. Copyright Office on January 16, 2014 ("the

photograph").   Garner first published the photograph on her website alongside an article about

Rasoul's candidacy for the Virginia House of Delegates on November 14, 2013.   See Compl. Ex. C,

Docket No. 1-3.   This publication included a notice of copyright pursuant to 17 U.S.C. § 401.

Higgins owns and operates a for-profit political website, jhpolitics.com.   On January 2,

2014, Higgins published the photograph in two places on his website without Garner's consent.

See Compl. Ex. D, Docket No. 1-4. First, Higgins used a cropped version of the photograph with the words "Dirty Money" written across the top as a hyperlink. Id. Second, he used a full-sized version of the photograph to accompany an article alleging that Rasoul accepted funding from an individual "with ties to radical Jihadist organizations." Id. On January 4, 2014, Garner left two comments on Higgins' website asking him to remove the copyrighted material. See Compl. Ex. D, Docket No. 1-5. Higgins did not respond to these comments or remove the photograph.

Garner filed this copyright infringement action on August 28, 2014. Higgins has now moved to dismiss the complaint, or in the alternative, for summary judgment, arguing that his use of the photograph to criticize Rasoul's political candidacy is permissible under the fair use doctrine. The motion has been fully briefed and was argued on January 5, 2015. It is now ripe for review.

## Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and make all reasonable inferences in the plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the plaintiff's allegations need not be detailed, she must offer more than "labels and conclusions" or a "formulaic recitation of the elements of [the] cause of action" in order to survive a motion to dismiss. Id. at 555. Ultimately, the complaint's allegations must "be enough to raise a right to relief above the speculative level." Id. "[A] motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein;" however, "dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011).

2

The court has discretion to convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment in order to consider matters outside the pleadings. See Fed. R. Civ. P. 12(d); Fed. R. Civ. P. 56. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a party's evidence to raise a genuine issue of material fact sufficient to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Id. As with a motion to dismiss, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in her favor when considering a motion for summary judgment. Id. at 255; see also Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

## Discussion

In her complaint, Garner alleges that Higgins' use of the photograph infringes on the rights afforded to her by the Copyright Act, which is designed to protect "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). The Act "grants 'a bundle of exclusive rights to the owner of the copyright,' including the rights 'to publish, copy, and distribute the author's work.'" Bouchat v. Baltimore Ravens Ltd. Partnership, 737 F.3d 932, 936 (4th Cir. 2013) ("Bouchat V"). In order to state a claim for copyright infringement, a plaintiff need only allege that she owns a valid copyright and that the defendant copied original elements of the copyrighted work. See Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc., 618 F.3d 417, 428 (4th Cir. 2013).

3

Higgins does not dispute that Garner has alleged these elements in her verified complaint.   See

Compl. ¶¶ 8-10, 14-17.   Higgins argues, however, that Garner's complaint shows that he has a

meritorious affirmative defense – fair use.   The court is constrained to disagree.

The fair use doctrine provides "a statutory exception to the typical protections provided to

copyright holders."   Bouchat V, 737 F.3d at 937.   Section 107 of the Copyright Act provides that

> the fair use of a copyrighted work, including such use by reproduction in copies…, for
> purposes such as criticism, comment, [or] news reporting…is not an infringement of
> copyright.   In determining whether the use made of a work in any particular case is a fair
> use the factors to be considered shall include – (1) the purpose and character of the use,
> including whether such use is of a commercial nature or is for nonprofit educational
> purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the
> portion used in relation to the copyrighted work as a whole; and (4) the effect of the use
> upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.   These four factors "cannot be treated in isolation from one another, but instead

must be 'weighed together, in light of the purposes of copyright.'"   Bouchat V, 737 F.3d at 937

(quoting Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 578 (1994)).   This analysis presents "a

mixed question of law and fact."   Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S.

539, 560 (1985).   The fair use doctrine provides a complete defense to copyright infringement

claims, because "the fair use of a copyrighted work…is not an infringement of copyright."   Bouchat

v. Baltimore Ravens Ltd. Partnership, 619 F.3d 301, 207 (4th Cir. 2010) ("Bouchat IV").

Fair use is an affirmative defense for which Higgins bears the burden of proof.   See

Campbell, 510 U.S. at 590.   Put another way, Garner need not plead facts in her complaint that

disprove fair use in order to survive a motion to dismiss.   "A 'fair use' defense is by its nature very

fact-specific because in deciding the issue a court must delve into issues such as the purpose and

character of the use, the amount of the portion used in relation to the copyrighted work as a whole, and

4

the effect of the use on the market for the copyrighted work." Red Bull GmbH v. RLED, LLC, 515 F. Supp. 2d 641, 648 (M.D.N.C. 2007) (citing Bond v. Blum, 317 F.3d 385, 394 (4th Cir. 2003)) (denying defendant's motion to dismiss where fair use is not apparent on the face of the complaint). Here, the alleged fair use is not evident on the face of Garner's complaint; in fact, Garner alleges some facts suggesting that Higgins' use of the photograph might not be fair. See, e.g., Compl. ¶¶ 18 (alleging that Higgins' use was commercial in nature). Dismissal of Garner's claim is therefore inappropriate here. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (reversing district court's dismissal of complaint based on statute of limitations where "all facts necessary to the affirmative defense" did not "clearly appear[] on the face of the complaint").

Higgins alternatively argues that the court should convert his motion to one for summary judgment so that it may consider the declarations submitted by the parties in addition to the allegations of Garner's verified complaint. Higgins contends that this additional evidence shows that the parties do not dispute any material facts with respect to his fair use of the photograph. Garner, on the other hand, argues that summary judgment is inappropriate at this stage in the proceedings, because the parties dispute material facts relating to the fair use defense and have not yet had a reasonable opportunity to investigate these issues through discovery. The court agrees with Garner here.

The verified complaint and the parties' declarations plainly show that they dispute facts related to the fair use analysis. Perhaps most importantly, the parties disagree as to what effect Higgins' use may have had on any market or potential market for the photograph – a factor that has been characterized as "undoubtedly the single most important element of fair use." Bouchat IV, 619 F.3d at 312. Given this disagreement, the court believes that it would be inappropriate to consider

5

the present motion as one for summary judgment before both parties are afforded the opportunity to conduct reasonable discovery on these issues. See Bala v. Commonwealth of Virginia Dept. of Conservation and Recreation, 532 Fed. Appx. 332, 334 (4th Cir. 2013) ("[C]onversion of a motion to dismiss to one for summary judgment requires that all parties be given a reasonable opportunity to present all the material that is pertinent to the motion.") (internal citations omitted); E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011) ("[C]onversion is not appropriate where the parties have not had an opportunity for reasonable discovery."). The court therefore declines to do so.

## Conclusion

For the reasons stated, Higgins' motion is denied without prejudice. Higgins may reassert the fair use defense by way of a motion for summary judgment at the close of discovery if he chooses to do so. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This ___11th___ day of February, 2015.

_____
Chief United States District Judge

6